IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| RODERICK L. REESE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. V-05-068 |
| | § | |
| ANGELA SKINNER, *et al.*, | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM OPINION AND ORDER**

Roderick L. Reese, a former inmate of the Texas Department of Criminal Justice - Criminal Institutions Division (TDCJ-CID), filed a suit under 42 U.S.C. § 1983 against TDCJ-CID employees and health care workers at the TDCJ-CID Stevenson Unit alleging deliberate indifference to his serious health needs. The defendants have filed a Motion for Summary Judgment (Docket Entry No. 69) which is supported by records and sworn statements. After reviewing the pleadings and evidence, the court will **GRANT** the defendants' motion and **DISMISS** this action for the reasons set forth below.

I. **Reeses's Claims and Procedural History**

This action concerns Reese's medical work classification while he was incarcerated. Reese alleges that a doctor diagnosed him as suffering from chronic pain in his right shoulder due to nerve and tendon problems. Consequently, Reese was given medical restrictions which prevented him from engaging in any work which required repetitive use of the hands or reaching above the shoulder. In spite of the restrictions, Warden Gary Hunter assigned Reese to work in the prison

laundry department.  Reese further alleges that Correctional Officer Amos Franklin gave him a job as a folder in the laundry.  Reese objected and told Franklin that the job violated his work restrictions.  Franklin ordered Reese to perform his assigned duties saying that they did not violate his restrictions.  Reese contends that he developed shoulder pain and experienced loss of sleep due to his job assignment which required repetitive use of the hands.  When Reese complained about his pain, Franklin and Captain Thomas Gutierrez ridiculed him and pressured him to continue working for about 120 days knowing that the work was causing pain and suffering.  Reese also alleged that Correctional Officers Kevin Ryan and Bernard Bolech compelled him to work and that Dr. Burns refused to take action to release him from his classification, although Burns was aware of the harm that Reese suffered.  Reese named other officials and claimed that he suffered retaliation for complaining about his work assignment.  Reese also complained that DeWitt County officials refused to investigate his claims of abuse.

The court entered a Memorandum Opinion and Order (Docket Entry No. 13) dismissing various claims raised by Reese including those made against DeWitt County officials. A *Spears*[1] hearing was held on November 7, 2006 (*See Spears* hearing transcript, Docket Entry No. 70-5), and the court heard testimony from Reese and a TDCJ-CID physician who was not named as a defendant in this proceeding.  After questioning Reese about his physical complaints and the physician about Reese's medical records, the court issued a Memorandum on Dismissal (Docket Entry No. 45) in which the court found that the defendants did not force Reese to work at a job for which he was medically unfit and that the job assignment did not aggravate his medical condition. The court also found that there were no specific allegations to show that the defendants had  retaliated against

---

[1] *Spear v. McCotter*, 766 F.2d 179 (5th Cir. 1985).

Reese and that his allegations of verbal and other nonphysical abuse, including strip searches, did not amount to a constitutional violation.  *Id*. at 5.

The *Spears* court dismissed Reese's complaint as frivolous (Docket Entry No. 45 at 6), and Reese filed an appeal.  The United States Court of Appeals for the Fifth Circuit affirmed the district court's dismissal of Reese's claims of retaliation and verbal abuse along with his claims against DeWitt County employees.  Docket Entry 59 at 5.  The appellate court also affirmed the dismissal of defendants Parnagham,  Renfro, Bauer, Irving, Warden Casal, Major Monroe, Skinner, and Shirley because there was no allegation that these defendants directly participated in the alleged violation of medical restrictions. *Id.* at 2.  However, the Fifth Circuit vacated the court's order dismissing Reese's claims of deliberate indifference with regard to Assistant Warden Hunter, Captain Guitierrez, Correctional Officer Franklin, Correctional Officer Bolech, and Correctional Officer Ryan and remanded them.  This court then ordered the remaining defendants to file an answer and a dispositive motion.  Docket Entry No. 64.  The defendants responded by filing the pending Motion for Summary Judgment.  Docket Entry No. 69.

## II. <u>Defendants' Arguments and Supporting Evidence</u>

The defendants argue that they were not deliberately indifferent to Reese's serious medical needs. They contend that the records show that  Reese was given proper medical attention and was not assigned a job that was beyond his physical capabilities according to the physician's diagnoses. They further argue that Reese's condition did not prevent him from doing all work but only jobs which aggravated his condition.  They argue that the job assignment fit the medical criteria.  In support of their arguments, the defendants have submitted the following records:

Exhibits A-1, A-2:    Reese's Grievances (Docket Entry Nos. 70-1, 70-2)

Exhibit B:    Reese's Radiology Reports

Exhibit C:    Reese's Medical Records, with business records affidavit

Exhibit D:    *Spears* Hearing Transcript

Exhibit E:    Reese's Health Summary for Classification Forms, with business records affidavit

Exhibit F:    Reese's Work Assignment Rosters

Exhibit G:    Administrative Directive AD-04 (rev. 4) with business records affidavit

Exhibit H:    Correctional Managed Care Policy Manual A-08.4, with Attachment A and business records affidavit

Exhibit I:    Affidavit of Warden Gary Hunter

Exhibit J:    Affidavit of Captain Thomas Guitierez

Exhibit K:    Affidavit of Kevin Ryan

Exhibit L:    Affidavit of Bernard Bolech

Exhibit M:    Affidavit of Amos Franklin

The records reflect that Reese had complained of shoulder pain since at least 2001 (Docket Entry No. 70-4 at 3); however, Reese's X-rays did not reveal any acute fracture or abnormality although there was some evidence of previous trauma. (Docket Entry No. 70-3 at 3) On March 17, 2004, he was evaluated by the medical department and given the following work restrictions: no lifting more than ten pounds; no reaching over his shoulders; no repetitive use of his hands; and walking on wet, uneven surfaces. (Docket Entry No. 70-6 at 4) No other restrictions were noted with regard to any of his conditions including housing and transportation. *Id.*

Reese was assigned to work as a folder in the laundry department, under Captain

4

Guitierrez's management, at the end of 2004.  (Docket Entry No. 70-11 at 4)  Most of the inmates working as laundry folders had medical conditions similar to or more severe than Reese's which limited their ability to work.  *Id.*  Among considerations for assigning inmates with physical limitations to folder positions was that the laundry being folded weighed well under ten pounds and could be as small as a few ounces.  *Id.* at 3.  Further, the work load was divided between a large number of inmates who could complete their task in a short period of time after which they could sit and rest while waiting for the next load to dry.  *Id.*  Warden Hunter observed that inmates assigned to folding clothes, towels, blankets, and sheets were only required to work for brief periods followed by long periods of rest.  (Docket Entry No. 70-10 at 4)  He also noted that inmates could stand or sit and that the job would not violate the 'no repetitive use of hands' restriction since that restriction applied to inmates with thumb or multiple finger amputations, carpal tunnel syndrome and severe hand or wrist injuries.  *Id.*

When Reese complained of shoulder pain after his assignment, he was sent to the medical department where a physician's assistant (PA) examined him on January 19, 2005.  The PA saw that Reese had a good range of motion in the affected shoulder and noted that Reese had already been prescribed Naproxen, an anti-inflammatory medication.  Consequently, the PA declined to prescribe additional medication or order additional work restrictions.  Reese returned to the medical clinic with the same complaint on January 25, 2005.  He was again observed to have a good range of motion and was ordered to continue taking Naproxen as he had been previously directed.

Reese returned to the clinic complaining of right shoulder pain on March 1, 2005.  Docket Entry No. 70-4 at 15.  A physician examined him and observed that Reese's shoulder was tender to

the touch. *Id.* He also noted a prominent ac or acromioclavicular joint[2] and gave Reese an injection of triamcinolone and lidocaine. *Id.* In addition, the doctor issued Reese a limited standing restriction for three months. *Id.* Reese came back a week later claiming that he had re-injured his shoulder six days ago. *Id.* at 17. The doctor noted that the X-rays revealed a "superiorly displaced clavicle distally [situated away from the point of attachment] with a bone ossicle underlying the lateral end of the clavicle;". Docket Entry No. 70-4 at 17. He also noted that "originally there was probably an ac tear and [probably] a coracoid-clavicular[3] tear, with ossicle formation. There is also a notation that surgery had been recommended by an orthopedist; however, the examining physician ordered that Reese continue with his medication and added a sedentary work restriction. *Id.*; Docket Entry No. 70-6 at 8.

On March 23, 2005, Reese returned to the medical clinic complaining of shoulder pain and also an upset stomach. Docket Entry No. 70-4 at 19. He requested renewal of his medications and a heating pad. *Id.* The attending physician's assistant prescribed simethicone, for the stomach, and triamcinolone, for external application. *Id.* Reese was examined again on April 8, 2005. *Id.* at 21. While Reese still complained of shoulder pain, his range of motion was good. *Id.* A doctor saw Reese again for his shoulder on April 14, 2005. *Id.* at 22-23. He was given another injection of triamcinolone.[4] *Id.* April 29, 2005, Reese's job was reclassified from folder to unassigned medical. Docket Entry No. 1-10 at 38. The reclassification meant that Reese would no longer be assigned to a regular job due to his condition. Docket Entry No. 70-9 at 6. There is no evidence in the record

---

[2] The joint between the shoulder and the collarbone.

[3] A shoulder joint.

[4] The physician's notes that Reese was injected with kenalog, a trade name for triamcinolone.

6

that Reese was assigned to a job at Stevenson after that date.  *See* Docket Entry No. 70-7 (TDCJ-CID policy - retain inmate work assignment rosters for two years and then shred).

### III. <u>Analysis</u>

Challenges to prison conditions are generally brought under the Eighth Amendment.  *Farmer v. Brennan*,  114 S.Ct. 1970, 1976 (1994); *Estelle v. Gamble*, 97 S.Ct. 285, 292 (1976).  The Eighth Amendment prohibits treatment that inflicts wanton and unnecessary infliction of pain upon incarcerated individuals.  *Palmer v. Johnson,* 193 F.3d 346 (5th Cir. 1999).  Its purpose is to prevent prison conditions that would shock the public conscience.  *Porth v. Farrier*, 934 F.2d 154, 157 (8th Cir. 1991); *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983).  To prevail in this proceeding, Reese must prove "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs."  *Estelle*, 97 S.Ct. at 292.  A serious medical need is one for which treatment has been recommended by a doctor or for which the need is so apparent that even laymen would recognize that special care is required.  *Gobert v. Caldwell*, 463 F.3d 339, 345 n.12 (5th Cir. 2006).  It must be shown that the defendants ignored the malady even though they clearly knew about it.  *Id.*

The Eighth Amendment does not entitle a convicted felon to be free from all discomfort.  *Rhodes v. Chapman*, 101 S.Ct. 2392, 2400 (1981).  Under the Eighth Amendment, a prisoner has a right not to be forced to do labor which aggravates a serious medical condition.  *Jackson v. Cain*, 864 F.2d 1235, 1247 (5th Cir. 1989).   Prison officials violate that right if they know of the prisoner's condition and the potential harm imposed by the work assignment and yet ignored the danger.  *Id.*  However,  prisoners cannot avoid work that is within their

physical capabilities.  *See Ali v. Johnson*, 259 F.3d 317 (5th Cir. 2001); *Wendt v. Lynaugh*, 841 F.2d 619, 620-21 (5th Cir. 1988).

The medical records submitted in this action undermine Reese's claims of deliberate indifference because they clearly show that his serious medical needs were met by health care providers who monitored his condition, scheduled him for examinations, administered treatments, and restricted him from certain work in order to limit the use of his right shoulder.  Such evidence weighs heavily against his claim of deliberate indifference.  *Banuelos v. McFarland*, 41 F.3d 232, 235 (5th Cir. 1995).  *See also Mendoza v. Lynaugh*, 989 F.2d 191, 193-95 (5th Cir. 1993).  While the doctors and other health care workers acknowledged that Reese had an injured shoulder, there is no indication in his records that they concluded that folding laundry placed him at risk of serious injury.  On the contrary, a doctor testified during the *Spears* hearing that folding clothes did not violate Reese's work restrictions and he suffered no injury because of the work. Docket Entry No. 70-5 at 10.  Reese cannot prevail in his claim of deliberate indifference where there is no evidence that the job substantially harmed him.  *Mendoza*, 989 F.2d at 195.

The strongest evidence in Reese's favor is the notation that an orthopedist recommended surgery.  However, differences in opinions between doctors concerning medical treatment does not support a constitutional claim. *Stewart v. Murphy*, 174 F.3d 530, 535 (5th Cir. 1999) (doctor's failure to follow other doctor's recommendations amounts to nothing more than a difference of opinion). *See also Banuelos*, 41 F.3d at 235, *citing Varnado v. Lynaugh*, 920 F.2d 320, 321 (5th Cir. 1991) (disagreement between prisoner and physician regarding medical care does not establish deliberate indifference absent special circumstances).

The remaining defendants in this action are not professional healthcare workers.  They are custodial officials who depend on the insight and education of others in determining inmates' physical conditions and their limitations.  *Shakka v. Smith*, 71 F.3d 162, 167 (4th Cir. 1995) (prison officials are entitled to rely on the expertise of trained health care providers to assess and respond to prisoner's health and safety needs).  Reese's medical records and work restrictions did not prohibit him from doing any work during the time in question.  Moreover, it appeared that folding laundry for short intervals did not pose any risk of harm and there were no objections by any of the medical personnel.  Reese cannot establish any harm where he has not shown that his condition was substantially worsened by folding clothes for a short period of time.  *Richardson v. Spurlock*, 260 F.3d 495, 499 (5th Cir. 2001), *citing Jackson*, 864 F.2d at 1246.

If Reese had shown that the laundry folding duty had caused him serious harm, he would still need to show that the defendants were clearly aware of the risk imposed by the assignment.  *See . Banuelos*, 41 F.3d at 235.   The record indicates that the officials were of the opinion that folding laundry at a leisurely pace, with the option of sitting, did not violate Reese's work restrictions. Docket Entry Nos. 70-10; 70-11; 70-12.  Any mistake the officials may have made in assessing Reese's condition does not imply liability on their part.  *See Brewer v. Dretke*, 587 F.3d 764, 770 (5th Cir. 2009); *Walker v. Butler*, 967 F.2d 176, 178 (5th Cir. 1992).  The custodial officials' reliance on the TDCJ-CID medical department in determining Reese's capabilities was not unreasonable and did not violate his constitutional rights.  *See Lewis v. Lynn*, 236 F.3d 766, 767 (5th Cir. 2001) .

The defendants presented evidence clearly demonstrating that there is no genuine issue of dispute regarding Reese's work assignment and that no official was deliberately indifferent to his serious medical needs.  The motion for summary judgment (Docket Entry 69) shall be granted, and

this action shall be dismissed under FED. R. CIV. P. 56.

## IV. <u>Other Motions</u>

Reese has filed a motion in which he seeks appointment of counsel or in the alternative a continuance. The court previously denied Reese court appointed counsel noting that the issues were straightforward and that Reese had shown that he was capable of asserting arguments in his behalf. Reese has subsequently filed an appeal and obtained a partial reversal, and the issues have been further simplified. The court is still of the opinion that no court appointed counsel is necessary nor is there any need for a continuance. *See Baranowski v. Hart*, 486 F.3d 112, 126 (5th Cir. 2007). The court will deny the motion (Docket Entry No. 72) along with the Motion for Status of Case. (Docket Entry No. 75).

## V. <u>Conclusion</u>

The court **ORDERS** the following:

1.      The motion for summary judgment (Docket Entry 69) is **GRANTED**.

2.      This action is **DISMISSED** with prejudice under FED. R. CIV. P. 56(c).

3.      All other motions (Docket Entry Nos. 72 and 75) are **DENIED**.

**SIGNED** on this 29th day of March, 2010.

_____
JOHN D. RAINEY
UNITED STATES DISTRICT JUDGE